ROBERTS, Justice.
Appellant was convicted of assault with intent to rape an eleven-year old girl and has appealed from the judgment of conviction. The sole question argued here is the sufficiency of the evidence to prove the identity of the appellant as the child’s assailant.
The appellant had a moustache and drove a two-tone late model Chevrolet with a spare tire arrangement on the back and a California license tag. He was picked up about a week after the date of the assault on a charge of having an improper license plate, apparently on information furnished the officers by the child. Twenty minutes later, he was placed in a line-up with six other men and was identified by the child as her assailant. She had previously advised the officers that her assailant had a moustache, and at the trial she positively identified the appellant as the man who assaulted her. The child also identified the car as the one that was driven by her assailant. A naval officer testified that he saw a car similar in appearance to appellant’s, with a spare tire arrangement and California license tag, parked on the side of the road near the scene of the assault at the time the assault occurred.
The appellant and one of his witnesses, a manager of rental property, testified that, shortly before the time of the assault, appellant had visited the witness’ office to see if he had a house or apartment for rent. The child had testified earlier, in describing the assault, as follows:
“Well, there was a car parked next to the road, and I stopped there and he asked was there any house for sale, and I said not that I knew of, and he asked were there any for rent, and I said not that I knew of, and he asked me how far did I live, and I said ‘The *438 second row down from here’, and that’s when he took out the gun.”
This evidence, if believed by the jury, was in our opinion sufficient to identify the appellant as the child’s assailant. The jury apparently chose to believe it and to disbelieve the testimony of appellant and his witnesses by which he sought to establish an alibi. In these circumstances, the verdict and judgment must be
Affirmed.
DREW, C. J., THOMAS, J., and PRUNTY, Associate Justice, concur.